## Baber v. Waco Deposit Bank.

(Decided Nov. 22, 1932.)

H. O. PORTER, GEORGE C. ROBBINS, and C. C. WALLACE for appellant.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

W. H. Baber executed a note for $1,000.44 to the order of Younger Norris, dated October 3, 1929, payable at the Waco Deposit Bank. It contained a notation to the effect that the note was for nineteen head of steers weighing 9,772½ pounds which Norris was to get back during the latter half of September, 1930, paying Baber at the rate of 9 cents per pound for the gain in the weight of the steers, and Norris retaining a lien on the cattle. It further provided:

"If for any reason these steers fail to satisfy this

note all parties hereby assume same as a personal obligation and guarantee payment to Waco Deposit Bank, Waco, Ky. Norris agreeing to pay interest.''

Norris indorsed the note to the bank, and it advanced the amount thereof to pay a third party from whom Norris had purchased the steers.

The market price of cattle declined, and on October 15, 1930, Norris and Baber entered into a written contract reciting the history of the transaction, and agreeing for the steers to be sold by a designated company. The proceeds of the sale were to be held by the selling company to abide the result of litigation, in the event an agreement respecting the relative rights of the parties could not be consummated.

The bank sued Baber, and the court rendered judgment applying the proceeds of the sale of the steers to the debt due the bank. The fund was thereby exhausted, and Baber was not paid the 9 cents per pound for the gain in the weight of the cattle while in his care.

Baber has prosecuted an appeal, insisting that he was not bound on the offer of guaranty contained in the note because the bank failed to give him notice of acceptance. The point is lacking in merit. This was not an action upon the guaranty. The guaranty did not become operative or obligatory unless the steers failed to produce enough money to satisfy the debt due the bank. The selling price of the cattle was sufficient to satisfy the bank, and was applied to that end, so that no questions arise as to the nature, extent, validity, or purpose of the guaranty. Obviously the obligation of Norris to pay Baber for the gain in weight made by the cattle while in his care could not constitute a superior claim on the fund when the writing contemplated that the debt was to be paid out of the proceeds of the cattle. Baber's claim is not against the bank or the fund, but is a personal one to be asserted against Norris. This construction of the contract appears conclusive when the fact is considered that both Baber and Norris assumed personal liability to the bank, if the cattle failed to produce a sum sufficient to discharge that debt. It is utterly inconsistent to assume that Baber's claim on the proceeds of the cattle relegated the bank to its potential remedy on the guaranty. The contract contemplated that the money arising from a

sale of the steers should be paid to the bank, and if inadequate to satisfy the debt, the personal liability of both Baber and Norris could be asserted to make up the deficiency. The circuit court correctly disposed of the case as between the bank and Baber, and no other feature thereof is presented by the present appeal.

The judgment is affirmed.